UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFREDO RODRIGUEZ HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.:  26-cv-3620-RSH-MMP<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On June 18, 2026, petitioner Wilfredo Rodriguez Hernandez, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. The Petition is fully briefed. *See* ECF Nos. 7, 8.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

This is Petitioner's second habeas petition. His first petition, No. 26-cv-2222, was filed through counsel on April 8, 2026, and denied by this Court on April 24, 2026. *See*

Case No. 26-cv-2222, Dkt. Nos. 1, 6. In that first case, Respondents argued that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) based on his criminal history. *See* Dkt. No. 4 at 2. In denying relief, the Court explained:

> Petitioner has not filed a traverse contesting Respondents' evidence or analysis. Additionally, the Petition is unsupported by evidence, and does not provide legal authority establishing that Petitioner was entitled to a hearing or a judicial determination of probable cause prior to his transfer from jail to immigration custody in the circumstances presented here. Furthermore, although Petitioner does not argue that his mandatory detention has become unduly prolonged, the Court determines that the length of immigration detention to date—approximately three months—does not raise due process concerns.

*See* Dkt. No. 5 at 2.

The instant Petition does not mention the prior petition or specifically address the reasoning therein, although Petitioner separately duly filed a notice of related case advising the Court of the prior petition. *See* ECF No. 2. Indeed, the instant Petition is virtually a verbatim copy of the prior Petition, except that it adds a fourth claim for prolonged detention in violation of the Fifth Amendment, which simply alleges: "Petitioner has been detained for 5 months without a neutral, individualized hearing to determine whether his continued confinement is necessary. This prolonged, bondless detention violates his rights to due process under the Fifth Amendment of the United States Constitution[.]" ECF No. 1 ¶ 75. The Petition does not support this claim with any legal authority. Petitioner has also filed a traverse, but it likewise cites no legal authority in support of Petitioner's position. *See* ECF No. 8. Petitioner concedes in the traverse that he is subject to statutory mandatory detention pursuant to 8 U.S.C. § 1226(c). *Id.* at 2.

Petitioner has not established that his statutory mandatory detention, spanning fewer than six months to date, violates his constitutional rights. His remaining claims are unsupported and meritless. Petitioner has not established that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the Petition is **DENIED**. The Court will summarily deny any

future habeas petitions filed by Petitioner through counsel that are similarly unsupported by evidence and relevant legal authority. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: July 8, 2026

Robert S Huie

Hon. Robert S. Huie
United States District Judge

26-cv-3620-RSH-MMP